PONDER, Judge.
This is a suit for cancellation of a sale and the return of the purchase price. The trial court granted judgment in favor of the plaintiff. Defendant has appealed.
The only issue before this court is whether the trial judge erred.
We affirm.
Plaintiff entered into a sales agreement with defendant for the purchase of a used boat and trailer. The agreement contained this provision: “Pending customers test ride on first weekend of use. _”
When plaintiff tested the boat he noticed that the oil pressure was low; that the engine would skip and miss; that after slowing down he could not get the engine to accelerate. Several passengers in the boat on this particular weekend corroborated plaintiff’s testimony.
Plaintiff returned the boat to defendant’s place on November 3. Due to a backlog of work, defendant told plaintiff to take the boat home and return it on November 5. With defendant’s approval, plaintiff took it out again the following weekend to check. He again returned the boat on the 10th, but was advised that no work could be performed until the 13th.
On November 25, plaintiff and one of defendant’s employees took the boat out for a test run. The engine started to miss and then stopped completely; it was later discovered that a broken valve had caused extensive damage.
The trial judge found that the plaintiff promptly returned the boat to defendant after discovering defects during the first weekend of use; that the boat had never performed satisfactorily, and that defendant had failed to complete the necessary repairs, despite plaintiff’s tender. He therefore rescinded the sale and awarded $3,727.50 to plaintiff.
Although this case might be decided on the question of redhibition, we prefer to decide it on the failure to meet the suspen-sive condition of the sales agreement. There is no doubt that the boat did not run to plaintiff’s satisfaction on the first weekend of use, and has never been delivered to and accepted by plaintiff in satisfactory condition.
Since the suspensive condition did not occur, plaintiff’s obligation to pay never matured. Zemurray v. Boe, 235 La. 623, 105 So.2d 243 (1958). It is immaterial that the motor was seriously damaged by a condition unrelated to the complaints.
For the above reasons, the judgment of the trial court is affirmed; defendant is to pay all costs.
AFFIRMED.